UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**CRYSTAL MALVITZ,** and
**CHRISTOPHER FREDRICKSON**,
individually and on behalf of all others
similarly situated,

        Plaintiffs,

   v.

**FINCANTIERI MARINE GROUP, LLC.**

        Defendant.

Civil Action No. 24-cv-238 (TSC)

## **PRELIMINARY APPROVAL ORDER**

Before the court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, ECF No. 18. Having reviewed the motion, the supporting memorandum, and the accompanying Settlement Agreement and exhibits, the court finds that the proposed settlement satisfies the requirements of Federal Rule of Civil Procedure 23(e) and warrants preliminary approval.

Accordingly, it is hereby ORDERED that:

1. The court preliminarily finds, subject to further consideration at the Final Approval Hearing, that the proposed Settlement Agreement is fair, reasonable, and adequate, and a product of informed, arm's-length negotiations between experienced counsel and with the assistance of a mediator, within the range of possible approval under Federal Rule of Civil Rule 23(e).

2. For settlement purposes only, the court conditionally certifies the following Settlement Class under Federal Rule of Civil Procedure Rule 23(a) and 23(b)(3):

>All individuals in the United States whose personally identifiable information ("PII") was impacted as a result of the data breach announced by Defendant in January 2024.

The Settlement Class excludes: (i) Defendant and its officers, directors, and the related parties; (ii) all Settlement Class members who timely and validly request exclusion; (iii) any judges assigned to this case and their staff and family; and (iv) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the data breach or any person who pleads *nolo contendere* to any such charge.

3. The court finds, for settlement purposes only, that:

    a. The Settlement Class is ascertainable, consists of approximately 16,769 members, and is so numerous that joinder of all members is impracticable, *see* Fed. R. Civ. Pro. 23(a)(1);

    b. There are common questions of law and fact arising from the same alleged data breach, including whether Defendant had a duty to protect the Class Members' data and whether Defendant failed to implement and maintain reasonable data security protections, *see* Fed. R. Civ. Pro. 23(a)(2);

    c. The claims of Plaintiffs Crystal Malvitz and Christopher Frederickson are typical of those of the Settlement Class because Malvitz and Frederickson had their PII disclosed during the data breach, *see* Fed. R. Civ. Pro. 23(a)(3));

    d. Malvitz, Frederickson, and Class Counsel will fairly and adequately represent the interests of the Settlement Class, *see* Fed. R. Civ. Pro. 23(a)(4); and

    e. Common issues predominate and a class action is superior to individual litigation for resolving the claims, because all Class Members had their data in the same system, *see* Fed. R. Civ. Pro. 23(b)(3).

4. Malvitz and Frederickson are appointed as Class Representatives.

5. David K. Lietz of Milberg Coleman Bryson Phillips Grossman, PLLC, and Philip J. Krzeski of Chestnut Cambronne PA are appointed as Class Counsel.

6. Verita Group, LLC ("Verita") is appointed to serve as the Settlement Administrator.

7. The court approves the form and content of the proposed notice and notice plan submitted with the motion. The court finds that the notice plan satisfies the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process and is the best notice practicable under the circumstances. Notice shall be disseminated according to the schedule set forth in the Settlement Agreement.

8. A Final Approval Hearing shall be held before the court on April 28, 2026, at 10:30 a.m. for the following purposes:

    a. To determine whether the proposed Settlement Agreement is fair, reasonable, and adequate, and whether to grant Final Approval;

    b. To determine whether the notice plan conducted was appropriate;

    c. To determine whether the claims process under the Settlement Agreement is fair, reasonable, and adequate;

    d. To determine whether the Class Representatives and Class Counsel should receive the requested amounts;

    e. To rule on all other such matters as the court shall deem appropriate.

9. The court approves the following timeline set out in the below table and will set a further timeline at the Final Approval Hearing.

    a. As indicated in the below table, all requests to opt out of the proposed Settlement must be in writing and postmarked or received by the Settlement Administrator no

later than 60 days after the Notice Date. The request must contain the individual's name, address, signature, and a statement fairly indicating that the person wishes to be excluded from the Settlement. A person who timely and validly requests exclusion from the Settlement Class will be excluded from the Class, will not have rights under the Settlement Agreement, and will not be bound by a Final Approval Order in this action.

b. All objections to the proposed Settlement must be postmarked or received by the Settlement Administrator no later than 60 days after the Notice Date. A valid objection must include the Class Member's name, address, email address, telephone number, and signature; the name of any attorney representing the Class Member; a statement of the specific grounds for the objection; a statement regarding whether the objector and/or his or her attorney intend to appear at the Final Approval Hearing; and a statement detailing any other objections to a class settlement that the Class Member has made in the last five years. All objections must also be filed with this court via the court's ECF system or by mail to the Clerk of the Court at 333 Constitution Avenue NW, Washington, DC 20001.

c. All claims must be submitted using the claim form and postmarked or received by the Settlement Administrator no later than 90 days after the Notice Date.

d. All specific dates must be added to the Postcard Notice and the Settlement Website in accordance with this Order.

| Event | Deadline (from issuance of this Order) |
|---|---|
| Defendant provides class list to Settlement Administrator | +10 days |
| Defendant pays administrative expenses | +20 days |

| Notice Date | +30 days |
|---|---|
| Opt-out Deadline | +60 days after Notice Date |
| Objection Deadline | +60 days after Notice Date |
| Claims Deadline | +90 days after Notice Date |
| Settlement Administrator Provide List of Objections/Exclusions to Counsel | +97 days after Notice Date |
| Plaintiffs' Motion for Attorneys' Fees | +76 days |
| Motion for Final Approval and Notice of Opt-Outs and/or Objections | 14 days before Final Approval Hearing |
| **Final Approval Hearing** | April 28, 2026 at 10:30 am |

10. The Motion for Final Approval shall be accompanied by a proposed order entered on the docket and emailed in Microsoft Word format to chutkan_chambers@dcd.uscourts.gov.

11. Pending final determination of the settlement, Plaintiffs and all members of the Settlement Class are enjoined from initiating or prosecuting any claims released under the Settlement Agreement against Defendant or any other released party.

12. In the event that the Settlement Agreement is terminated pursuant to its terms, the Settlement Agreement and this Order shall have no further force or effect, this matter will revert to the status that existed before the execution of the Settlement Agreement, and no term or draft of the Settlement Agreement or the parties' settlement efforts shall be admissible into evidence in this action or be deemed an admission or concession by any party.

13. The court retains jurisdiction over all matters arising from or related to the implementation, administration, and enforcement of the Settlement Agreement.

IT IS SO ORDERED.

Date: November 12, 2025

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge
