**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**CRYSTAL MALVITZ** and **CHRISTOPHER FREDRICKSON**, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

**FINCANTIERI MARINE GROUP, LLC**

Defendant.

No. 24-cv-238 (TSC)

**FINAL JUDGMENT & ORDER**

For the reasons stated on the record at the Settlement Fairness Hearing held today, which this Order expressly incorporates, the court hereby FINDS, CONCLUDES, and ORDERS that:

1. The court has jurisdiction over this action, the claims raised therein, and all parties thereto, including the Settlement Class.

2. Unless otherwise noted, words spelled in this Order with the first letter capitalized have the same meaning as set forth in the Settlement Agreement.

3. The proposed Settlement Class is certified for settlement purposes only. It includes all individuals in the United States whose personally identifiable information ("PII") was impacted as a result of the data breach announced by Defendant in January 2024. It specifically excludes (i) Defendant and its officers, directors, and Related Parties; (ii) all Settlement Class members who timely and validly requested exclusion from the Settlement Class; (iii) any judges assigned to this case and their staff and family; and (iv) any other person found by a court of competent jurisdiction to be guilty under

criminal law of initiating, causing, aiding or abetting the criminal activity resulting in the occurrence of the Incident or who pleads *nolo contendere* to any such charge.

4. The Settlement Agreement does not constitute an admission of liability by Defendant, and the court makes no finding of liability by Defendant. Neither the Settlement Agreement nor this Order shall be construed or used as an admission, concession, or evidence of any liability or wrongdoing by Defendant, provided, however, that any Settlement Class Member, Defendant, or Class Counsel may file either document in any action seeking to enforce the Settlement Agreement or this Order.
5. Having reviewed the Settlement Agreement and the papers submitted in support thereof, and in the absence of any objections, the court is satisfied that the Settlement Agreement is fair, reasonable, and adequate; that the best notice practicable has been properly given to the Settlement Class in accordance with this court's orders and the law; and that the notice requirements of the Class Action Fairness Act have been satisfied. Plaintiffs' Motion for Final Approval of the Settlement Agreement, ECF No. 25, is therefore GRANTED and the Settlement Agreement is APPROVED. Its terms are incorporated into this Order.
6. The parties, their attorneys, and the Settlement Administrator are hereby DIRECTED to consummate and implement the Settlement Agreement in accordance with this Order and the terms of the Settlement Agreement.
7. Within the time period set forth in the Settlement Agreement, the relief provided for therein shall be made available to the Settlement Class Members submitting valid Claim Forms, pursuant to the terms and conditions of the Settlement Agreement.

8. Pursuant to and as further described in the Settlement Agreement, Plaintiffs and the Settlement Class Members release the Released Claims and Released Parties.
9. The court affirms the appointment of Crystal Malvitz and Christopher Fredrickson as Class Representatives, and David Lietz of Milberg PLLC and Philip J. Krzeski of Chestnut Cambronne PA as Class Counsel and finds that they have adequately represented the interests of the Settlement Class.
10. Upon careful review of Plaintiffs' Motion for Attorneys' Fees, ECF No. 24, the court is satisfied that the requests contained therein are reasonable. Accordingly, the Motion is GRANTED.
11. In recognition of their efforts on behalf of the Settlement Class, the court APPROVES payment of a service award of $2,500 to each Class Representative. The Settlement Administrator shall make such payment in accordance with the terms of the Settlement Agreement.
12. The court likewise APPROVES an award of attorneys' fees in the amount of $171,666.67 and an award of litigation expenses in the amount of $4,563.27. Such payment shall be made pursuant to the terms of the Settlement Agreement.
13. If the Effective Date does not occur for any reason, this Order and Judgment and the Preliminary Approval Order shall be deemed vacated and shall have no force whatsoever, the Settlement Agreement shall be considered null and void, and the parties shall be restored to their respective positions in this litigation as if they had never entered into the Settlement Agreement.
14. This Order and Judgment resolves all claims and is a final order.

15. This case is hereby DISMISSED with prejudice and without costs except as provided above and in the Settlement Agreement. Without affecting the finality of this Order and Judgment, the court retains jurisdiction limited to resolving issues related to the interpretation and implementation of the Settlement Agreement and this Order. The Clerk of the Court shall close this case.

It is SO ORDERED.

Date: June 17, 2026

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge